110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ENVIRONMENTAL HEALTH COALITION, a California nonprofit
organization; Peace Resource Center, a network of 50
community organizations; Southwest Network for
Environmental and Economic Justice, a coalition of 72
community-based grassroots organizations; Military Toxics
Project, a national network of over 130 member
organizations; Lee Olsen, a recreational scuba diver,
Plaintiffs-Appellants,
v.
John DALTON, Secretary of the United States Navy; US Navy,
an agency of the United States; Michael R. Robinson, in his
capacity as District Engineer of the United States Army
Corps of Engineers; Col. William Mulvery, in his capacity
as Chief Engineer of the United States Army Corp of
Engineers; Army Corps Engineers, an agency of the United
States, Defendants-Appellees.
 No. 96-56230.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1997.
Decided March 27, 1997.
 
 1
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs appeal the district court's order denying plaintiffs' motion for a preliminary injunction. We affirm.
 
 
 4
 The district court correctly concluded that plaintiffs were unlikely to succeed on their claim. See American Motorcyclist Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir.1983). Under CERCLA's Timing of Review provision, 42 U.S.C. § 9613(h) "No federal court shall have jurisdiction under Federal law ... to review any challenges to removal or remedial action selected under section 9604 of this title, or to review any order issued under section 9606(a) of this title...." If the Navy's construction of the Contaminated Disposal Facility was a "removal or remedial action," this court lacks jurisdiction to hear a challenge to the project. See Hanford Downwinders Coalition, Inc. v. Dowdle, 71 F.3d 1469, 1474 (9th Cir.1995). The construction of the Contaminated Disposal Facility was found by the district court to fit squarely within the definition of "removal" in 42 U.S.C. § 9601(23)--the encapsulation of the existing hazardous sediments and dredged sediments in the course of the project will cleanup or remove hazardous substances from the environment. Thus, plaintiffs have not demonstrated a likelihood of success on their claim essential to this court's jurisdiction that the construction of the project is not a removal action.
 
 
 5
 We have previously rejected the substance of plaintiffs' argument that the withholding of jurisdiction by § 9613(h) should not be honored if to do so would subvert the goals of other environmental statutes. See McClellan Ecological Seepage Situation v. Perry, 47 F.3d 325, 328-29 (9th Cir.1995).
 
 
 6
 Concluding as we do that plaintiffs are unlikely to prevail on this jurisdictional issue, it would be contrary to the goals of § 9606(a) to consider the merits of plaintiffs' arguments that (1) the Navy is using the Time Critical Removal Action to avoid its obligations under the Resource Conservation and Recovery Act; (2) the Navy's environmental impact statement is inadequate under the National Environmental Policy Act.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3